# UNITED STATES DISTRICT COURT
for the
**Eastern District of Kentucky**
**Ashland Division**

| | |
|---|---|
| Karri Tussey )<br>    *Plaintiff* )<br> )<br>v. )<br> )<br>LVNV Funding, LLC )<br>    *Defendant* )<br>Serve: )<br>    Corporation Service Company )<br>    2711 Centerville Road, Suite 400 )<br>    Wilmington, DE 19808 )<br> )<br>Resurgent Capital Services, L.P. )<br>Serve: )<br>    CSC-Lawyer's Incorporating )<br>        Service Company )<br>    421 W. Main Street )<br>    Frankfort, KY 40601 )<br> ) | Case No. |

## CLASS ACTION COMPLAINT

### INTRODUCTION

1.      This is an action by Plaintiff Karri Tussey ("Tussey") who is a consumer seeking declaratory relief, actual damages and statutory damages for herself and on behalf of all similarly-situated Kentucky citizens against Defendants LVNV Funding, LLC and Resurgent Capital Services, L.P. ("Defendants"). Plaintiff Tussey and the proposed class seek damages against Defendants for their violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.,* which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

2.      Defendant LVNV Funding LLC ("LVNV") is in the business of purchasing or acquiring defaulted consumer credit debt that has been "charged-off" by the original creditors.

Defendant Resurgent Capital Services, L.P. ("Resurgent") is in the business of servicing companies who, like LVNV, have acquired such defaulted and charged off consumer credit debt.

3. LVNV filed a lawsuit in the Boyd District Court of Boyd County, Kentucky (the "State Court Lawsuit") against Plaintiff Tussey in an attempt to collect a consumer credit card debt it claimed to have received via assignment from Credit One Bank. In the State Court Lawsuit LVNV attempted to collect interest prejudgment from Plaintiff Tussey even though its assignor Credit One Bank had a contract with Tussey that included interest which it waived prior to the assignment to LVNV. Therefore LVNV has no legal right to recover interest prejudgment by contract or other law which it claimed and demanded as part of its State Court Lawsuit. This improper demand for interest in the State Court Lawsuit by LVNV, and Resurgent acting as LVNV's collection agent, violates the FDCPA.

4. Plaintiff Tussey seeks against Defendants her actual damages for interest paid by her pursuant to the State Court Lawsuit judgment entered against her; actual and statutory damages pursuant to the FDCPA; and declaratory relief declaring the conduct of Defendants illegal pursuant to state and/or federal law on behalf of herself individually and on behalf of a proposed class of all similarly-situated Kentucky citizens against Defendants.

## JURISDICTION

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 2201, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

6. Plaintiff Karri Tussey ("Tussey") is a natural person who resides in Boyd County, Kentucky and a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

7. Defendant LVNV Funding, LLC ("LVNV") is a foreign limited liability company which has not registered with the Kentucky Secretary of State. LVNV's principal place of business is located at Bank of America Building, 200 Meeting Street, Suite 206, Charleston, SC 29401-3187.

8. LVNV is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

9. Defendant Resurgent Capital Services, L.P. ("Resurgent") is a foreign limited partnership which is registered with the Kentucky Secretary of State. Resurgent is engaged in the business of purchasing debt from creditors and collecting these debts in this state and/or collecting debts on behalf of other debt collectors such as LVNV. Resurgent's principal place of business is located at 15 S. Main Street #400, Greenville, SC 29601.

10. Resurgent is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

### I. The Relationship between LVNV and Resurgent

11. Even though LVNV engages in substantial and significant debt collection activity across the country, LVNV apparently has no employees. *See* Statement of Material Facts filed as Dkt. #69 in *Randall v. Nelson & Kennard,* 2:09-cv-00387 (D.Ariz. filed August 9, 2010).

12. Resurgent acting as LVNV's agent collects debts owned by LVNV and thereby services LVNV through such debt collection "pursuant to a written agreement and power of attorney." *Id.*

### II. Facts Relating to LVNV and Resurgent

13. On January 29, 2015, LVNV filed its State Court Lawsuit against Plaintiff Tussey in the Boyd District Court of Boyd County, Kentucky as case number 15-C-00070 in an attempt

to collect a credit card account debt it alleged was originated and owed to Credit One Bank, N.A. ("Credit One"). A copy of the complaint filed by LVNV in the State Court Lawsuit is attached hereto as "Exhibit 1."

14. Plaintiff's credit card debt owed to Credit One was alleged to have been purchased by LVNV in the State Court Lawsuit.

15. Plaintiff Tussey did have a credit card account with Credit One Bank, N.A. which was used to purchase goods and services and used only for personal, family or household purposes, making the Credit One credit card account debt a "debt" within the meaning of the FDCPA. 15 U.S.C. § 1692a(5).

16. Credit One ceased charging interest on Tussey's credit card account debt pursuajt to its contract with her on or before December 20, 2012 on which date the alleged debt was "charged off" by Credit One to comply with, and thereby gain the benefits of, compliance with Federal Regulation 12 C.F.R. §226.5(b)(2)(I). In so doing Credit One intentionally waived interest on the credit card account debt under the credit card account agreement between Credit One and Tussey.

17. As set out in Resurgent's "Account Summary Report" which was filed as an exhibit to the State Court Lawsuit, Credit One sold Tussey's credit card account to LVNV on or about January 10, 2013. A copy of said Account Summary Report is attached hereto as "Exhibit 2."

18. Credit One did not charge interest on the Credit One account from the date of charge-off to the date of alleged assignment to LVNV on or about January 10, 2013.

19. Credit One affirmatively waived any right it may have had to accrue and assess either contractual or statutory prejudgment interest on Tussey's alleged account after charging it

off.

20.  As a matter of law Credit One's waiver of its right to contractual interest was binding on LVNV as an assignee of Credit One.

21.  As a matter of law Credit One's waiver of its right to contractual interest precluded LVNV, and Resurgent as its agent, from claiming statutory interest was due and owing prior to entry of judgment and award of court under KRS 360.010 and pursuant to *Stratton v. Portfolio Recovery Associates, LLC,* 770 F.3d 443 (6th Cir. 2014) and *Harrell v. Unifund CCR Partners* (2015 Ky. App. LEXIS 13, February 6, 2015; to be published).

22.  The State Court Complaint affirmatively alleged at paragraph two (2) that the Tussey was indebted to LVNV "in the principal amount of $623.28 together with accrued interest of $102.46 through January 9, 2015 plus interest until the date of Judgment at the statutory rate of 8.000% per annum."

23.  On August 7, 2015, Tussey and LVNV entered into an agreed judgment in the State Court Lawsuit which granted LVNV judgment in the amount of $623.28, the principal amount of the debt, plus post-judgment interest at the rate of 12% from the date of judgment. A copy of the agreed judgment is attached hereto as "Exhibit 3."

24.  Plaintiff Tussey made at least three (3) payments to Defendants pursuant to the judgment entered in the State Court Lawsuit which included, in part, waived interest.

25.  Interest prejudgment under Kentucky law is not a self-executing remedy and there is no entry of judgment in the State Court Lawsuit in favor of LVNV granting interest prejudgment on the alleged debt.

26.  LVNV, and Resurgent as LVNV's agent, improperly and extra-judicially assessed, accrued, and demanded as due and owing, statutory interest at the maximum rate of

-5-

8.00% under KRS 360.010 on Tussey's debt LVNV acquired from Credit One.

## CLASS ALLEGATIONS

27. Plaintiff Karri Tussey brings this action individually and as a class action on behalf of two proposed classes of persons in the Commonwealth of Kentucky similarly situated.

28. These persons that comprise the proposed classes (the "Classes") are:

A. **Class One:** All persons who are Kentucky consumers against whom Defendant LVNV as an assignee of the consumers account, or Defendant Resurgent acting on LVNV's behalf, or their respective agents, employees, or representatives, within one year of the date of filing of this complaint:

(1) demanded interest be paid by a communication to such persons or acted to collect or attempted to collect interest from such persons on a consumer credit account in any manner, including the filing of a lawsuit in any District or Circuit Court of the Commonwealth of Kentucky, where the original creditor waived charging contract interest and for which LVNV or Resurgent imposed, accrued, and claimed due and owing such interest but where no such interest had yet been awarded by judgment of the court; or,

B. **Class Two:** All persons who are Kentucky consumers who paid interest to LVNV and against whom Defendant LVNV as an assignee of the consumer's account, or Defendant Resurgent acting on LVNV's behalf, or their respective agents, employees, or representatives, within one year of the date of filing of this complaint, where:

(1) Defendants demanded such interest be paid by a communication to such persons or acted to collect interest from such persons on a consumer credit account by any manner, including the filing a lawsuit in any District or Circuit Court in the

Commonwealth of Kentucky, and where the original creditor waived charging contract interest and for which LVNV or Resurgent imposed, accrued, and claimed due and owing such interest but no such interest had yet been awarded by judgment of the court.

29. Tussey seeks the maximum statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2), on her own behalf and on behalf of the proposed class members for violation of the FDCPA by LVNV and Resurgent.

30. This action also seeks declaratory judgment relief declaring that LVNV and/or Resurgent's practice of accruing, claiming owed and collecting or attempting to collect by its communications or actions to Tussey and/or members of the proposed Classes interest prejudgment on their consumer debts without a court judgment awarding such interest as set out *supra* violated the FDCPA.

31. The proposed Classes as set out *supra* and so represented by Plaintiff Karri Tussey in this action, and of which she herself is a member, consists of those persons defined above and are so numerous that joinder of individual members is impracticable.

32. Plaintiff's claims are typical of the claims of the proposed Classes as set out *supra*.

33. There are common questions of law and fact for the proposed Classes in this action that relate to and affect the rights of each member of the proposed Classes, and the relief sought is common to the entirety of each Class. In particular, all members of the proposed Classes have the same issue of law in common: whether LVNV or Resurgent extra-judicially accrued, claimed owed, collected and/or attempted to collect interest to which it was not entitled under Kentucky law, and which had not been awarded by a judgment of a court.

34. There is no known conflict between Plaintiff and any other members of the

proposed Classes with respect to this action, or with respect to the claims for relief herein set forth.

35. Plaintiff is the representative party for the proposed Classes and is able to, and will, fairly and adequately protect the interest of the proposed class members.

36. Plaintiff's attorneys are experienced and capable in the field of consumer rights, including FDCPA violations.

37. Plaintiff's attorneys have successfully represented other claimants in similar litigation.

38. The action is properly maintained as a class action in that the prosecution of separate actions by individual class members of the proposed Classes creates a risk of individual adjudications that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interest.

39. This action is properly maintained as a class action because the prosecution of separate actions by individual members of the proposed Classes would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendants.

40. This action is properly maintained as a class action inasmuch as the questions of law and fact common to the proposed class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the proposed Classes will be effective and appropriate for each proposed class in its entirety; and all members of the proposed Classes have a right to damages or other relief that may be readily computed in each case or

otherwise readily determined.

41. The identity of each individual member of the proposed Classes can be ascertained from the books and records maintained by Defendant.

42. Because many of the persons who comprise the proposed Classes in this case may not be aware of their rights, or may not be in a financial position to readily assert their rights, and because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

## **CLAIMS FOR RELIEF**

### **Violations of the Fair Debt Collection Practices Act**

43. The above-described actions by LVNV Funding, LLC and Resurgent Capital Services, L.P. constitute violations of the Fair Debt Collection Practices Act which violations of the FDCPA include, but are not limited to, the following:

> LVNV and Resurgent violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692f and/or one or more subsections of each statute by communications or actions extra-judicially accruing, claiming owed, and collecting or attempting to collect prejudgment interest from Plaintiff Karri Tussey and from members of the proposed Classes for which no judgment had been obtained and was not owed at the time the demand for such interest was made.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Karri Tussey requests the Court grant relief to Plaintiff and to the members of the proposed Classes as follows:

a. Declare that LVNV's and Resurgent's practice of extra-judicially accruing, claiming owed, and collecting or attempting to collect interest prejudgment which has not been awarded by judgment of a court violates the FDCPA;

b. Award the maximum statutory damages to Plaintiff and to the members of the

proposed class members provided under 15 U.S.C. §1692k;

 c. Award Plaintiff and the members of the proposed Classes their attorney's fees, litigation expenses and costs;

 d. Award Plaintiff and members of the proposed Class Two their actual damages;

 e. A trial by jury; and

 f. Such other relief as may be just and proper.

Respectfully submitted,

/s/ James McKenzie
**James McKenzie**
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel: (502) 371-2179
Fax: (502) 257-7309
jmckenzie@jmckenzielaw.com

**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel: (502) 473-6525
Fax: (502) 473-6561
james@kyconsumerlaw.com