UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHER DIVISION
ASHLAND

Civil Action No. 15-70-HRW

KARRI TUSSEY.,                                                    PLAINTIFF,

v.              <u>MEMORANDUM OPINION AND ORDER</u>

LVNV FUNDING, LLC
and RESURGENT CAPITAL SERVICES, LP                  DEFENDANTS.


This matter is before the Court upon Defendants' Motion to Compel Arbitration and Dismiss Plaintiff's Claims or Stay Proceedings Pending Arbitration [Docket No. 10]. The motion has been fully briefed by the parties [Docket Nos. 10-1, 11 and 12]. For the reason set forth herein, the Court finds that Plaintiff's claim are subject to a valid, enforceable arbitration agreement.

## I.

This cases arises from an lawsuit filed in Boyd Circuit Court by Defendant LVNV Funding, LLC ("LVNV") against Karri Tussey for the collection of a charged-off credit card.

The credit card account at issue  originated by Credit One Bank, N.A. [Complaint, Docket No. 1, ¶¶ 15-16]. The account is governed by a Visa/Mastercard Cardholder Agreement, Disclosure Statement and Arbitration Agreement (the "Agreement"). The Agreement contains, the following:

> **IMPORTANT NOTICE:** Please read the Arbitration
> Agreement portion of this document for important information
> about your and our legal rights under this Agreement.

[Agreement, Docket No. 10-3, p.2].

The Arbitration Agreement portion of the Agreement states, in boldface, capital letters:

> ARBITRATION
> **PLEASE READ THIS PROVISION OF YOUR CARD
> AGREEMENT CAREFULLY. IT PROVIDES THAT
> EITHER YOU OR WE CAN REQUIRE THAT ANY
> CONTROVERSY OR DISPUTE BE RESOLVED BY
> BINDING ARBITRATION. ARBITRATION REPLACES
> THE RIGHT TO GO TO COURT, INCLUDING THE
> RIGHT TO A JURY AND THE RIGHT TO PARTICIPATE
> IN A CLASS ACTION OR SIMILAR PROCEEDING ….**

*Id.*, p. 5.

By its terms, the Agreement is governed by the Federal Arbitration Act, 9 U.S.C. § 1-307.

The Agreement further provides, " [t]he terms "'we,' 'us,' 'our,' and 'Credit One Bank' refer to

Credit One Bank, N.A., its successors or assigns." *Id.,* p. 2.  In addition, the Agreement provides:

> Any questions about what Claims are subject to
> arbitration [will] be resolved by interpreting [the]
> arbitration provision in the broadest way the law will allow
> it to be enforced....
>
> Any failure or forbearance to enforce [the] arbitration
> provision at any particular time, or in connection with any
> particular Claims, will not constitute a waiver of any
> rights to require arbitration at a later time or in
> connection with any other Claims.
>
> If either party elects to require arbitration of a particular
> Claim, neither party may pursue the Claim in any
> litigation, whether as a class action, private attorney
> general action, other representative action or otherwise.

*Id.*, pp. 5-6.

The Agreement also  explicitly provides:

> ***Severability, Survival:*** "This arbitration provision shall
> survive … termination or changes in the Agreement, the
> account and the relationship between you and us concerning
> the account…."

2

*Id.*

Nothing in the record before the Court indicates that Plaintiff objected to the terms of the Agreement. Rather, she opened the account and used it.

After plaintiff defaulted on the account, Credit One "charged off" the balance of the account. Thereafter, Credit One sold the account to FNBM, LLC. FNBM, LLC's successors in interest, Sherman Originator III LLC and Sherman Originator LLC, sold the account to LVNV.

LVNV sued plaintiff in Boyd Circuit Court seeking to collect $623.28 due on the account, together with accrued interest through the date of judgment. Ultimately, Plaintiff agreed to entry of judgment against her in that lawsuit.

Shortly thereafter, plaintiff filed this putative class action, alleging that LVNV and its "agent," defendant Resurgent, violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 by attempting to collect interest on the account.

Defendants asserted binding arbitration as an affirmative defense. Defendants now seek entry of an Order compelling Plaintiff to arbitrate.

## II.

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., "manifests a liberal federal policy favoring arbitration agreements." *Masco Corp. v. Zurich American Ins. Co.*, 382 F.3d 624, 626 (6th Cir.2004) (*quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)) (internal quotation marks omitted).

Under the FAA, when contracts contain arbitration clauses, federal courts "are to examine the language of the contract in light of the strong federal policy in favor of arbitration," and are required to resolve any ambiguities in the agreement or doubts as to the parties' intentions in favor of arbitration. *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir.2000); *see also AT & T*

3

*Techs., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 650, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986) (explaining that when a "contract contains an arbitration clause, there is a presumption of arbitrability in the sense that an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be in favor of coverage.") (internal citations and quotation marks omitted).

Before compelling an unwilling party to settle a dispute by arbitration, the Court must apply a two-part test "to determine whether the dispute is arbitrable; meaning that a valid agreement to arbitrate exists between the parties, and that the specific dispute falls within the substantive scope of that agreement." *Javitch v. First Union Sec., Inc.,* 315 F.3d 619, 624 (6th Cir. 2003).  The Sixth Circuit has recognized hat even when applying state-law principles of contract interpretation, " 'due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration.' "

*Bratt Enterprises, Inc.*, 338 F.3d at 613 (*quoting Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 475–76, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989)). The court then "shall order arbitration upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue." *Rent–A–Center*, 130 S.Ct. at 2776 (quoting 9 U.S.C. § 4).

Finally, in evaluating motions to compel arbitration, "courts treat the facts as they would in ruling on a summary judgment." *Kovac v. Superior Dairy, Inc.*, 930 F.Supp.2d 857, 864 (N.D.Ohio 2013). Therefore, the party opposing arbitration bears the burden of "showing a genuine issue of material fact as to the validity of the agreement to arbitrate." *Great Earth Cos. v.*

*Simons*, 288 F.3d 878, 889 (6th Cir.2002).

In this case, Plaintiff maintains the contract which included  arbitration clause ceased to exist when the parties agreed to a Judgment in Boyd Circuit Court.  As a general matter, when a claim contract is reduced to judgment, the contract between the parties is voluntarily surrendered and canceled by merger in the judgment and ceases to exist.   However, the agreement at issue contains a "severability, survival" clause which preserves the right to arbitrate notwithstanding the judgment.  Therefore, Defendants' contractual right to arbitrate plaintiff's claims survived settlement of the prior lawsuit.

Plaintiff also argues that by filing a lawsuit against her in Boyd Circuit Court, LVNV waived its right to arbitrate.  This argument is at odds with the clear language of the Agreement, which provides, "[f]ailure or forbearance to enforce th[e] arbitration provision at any particular time, or in connection with any particular [c]laims, *will not constitute a waiver* of any rights to require arbitration at a later time or in connection with any other [c]laims. Neither LVNV nor Resurgent has taken any action inconsistent with their right to arbitrate Plaintiff's claims. *Hodson v. Javitch, Block & Rathbone, LLP*, 531 F. Supp. 2d 827, 831 (filing collections actions in state court does not waive the party's right to later seek arbitration of FDCPA claims brought by the debtor at a later date).

Plaintiff further contends that LVNV, having released its interest, cannot invoke the arbitration provision of the Agreement.  This argument lacks merit.   The Agreement plainly states that the term "Credit One Bank" includes "Credit One Bank, N.A., its successors, *or* assigns."  Plaintiff also agreed that the arbitration provision would survive the sale of Plaintiff's account.  Thus, under the plain and unambiguous terms of the Agreement, as Credit One's successor in interest, LVNV is entitled to invoke the arbitration provision. Resurgent is also

entitled to invoke the arbitration provision. By plaintiff's own pleading, Resurgent acted as

LVNV's agent with respect to the account.  *Kruse v. AFLAC Int'l, Inc.*, 458 F.Supp.2d 375 (E.D.

Ky. 2006) (non-signatory agent may compel arbitration where alleged wrongful act arises out of

agency relationship).

Finally, the Court finds that the claims alleged herein fall within the scope of the

arbitration clause. As described above, the Agreement at issue in this case contains

a broad arbitration provision, encompassing *all* collection matters and *all* other claims

related to the account, including "the application, enforceability and interpretation of the

Agreement [and the] arbitration provision."   Moreover, the Sixth Circuit has noted that "[w]hen

faced with a broad arbitration clause, such as one covering any dispute arising out of an

agreement, a court should follow the presumption of arbitration and resolve

doubts in favor of arbitration. *Solvay Pharms. v. Duramed Pharms., Inc.* 442 F.3d 471, n.10 (6th

Cir. 2006) (citations omitted), citing *Simon v. Pfizer, Inc.*, 398 F.3d 765, 775 (6th Cir. 2005).

### III.

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel Arbitration and

Dismiss Plaintiff's Claims or Stay Proceedings Pending Arbitration [Docket No. 10] be

**SUSTAINED.**

**IT IS FURTHER ORDERED** this matter is hereby **DISMISSED WITH PREJUDICE**

and **STRICKEN** from the active docket of the Court.  This Court will retain jurisdiction over

this matter for the purpose of enforcing any arbitration award.

This _15th_ day of August, 2016.



Signed By:
**Henry R. Wilholt, Jr.**
United States District Judge