# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is executed this 2d day of July, 2016, by and between LVNV Funding, LLC and Resurgent Capital Services, LP ("Defendants") and Karri Tussey("Consumer"), each referred to herein as a "Party" and collectively referred to as the "Parties".

### RECITALS

WHEREAS, certain disputes (the "Disputes") have arisen between the Parties regarding debt collection activities arising out an account that originated with Credit One Bank, N.A., bearing the number ▬▬▬▬▬ (the "Account"), and;

WHEREAS, Karri Tussey filed a lawsuit against LVNV Funding, LLC and Resurgent Capital Services, LP in the United States District Court for the Eastern District of Kentucky, Ashland Division, styled "Karri Tussey v. LVNV Funding, LLC and Resurgent Capital Services, LP Case No. 0:15-cv-00070-HRW" (the "Action");

WHEREAS, Consumer filed a Class Action against Defendants for *violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq.*(the "Counterclaim"); and

WHEREAS, LVNV and Resurgent deny any wrongdoing or liability to Consumer but to avoid the expense of the Action, in addition to the uncertainty of litigation, and without admitting or denying the validity of the potential claims and potential defenses that could be asserted by each party, the Parties have agreed to enter into this Agreement to compromise, settle and release any and all claims, known or unknown, arising out of and relating to the Action, the Account, or any sale, assignment or transfer of the Account;

NOW THEREFORE in consideration of the mutual promises and covenants set forth herein, the Parties agree as follows:

### AGREEMENT



1



4. Release by Consumer. In consideration of the promises contained herein and the relinquishment of her legal rights regarding any claims arising out of or related to the Action and the Account, Consumer, for herself, her heirs, successors, legal representatives and assigns, does hereby release, agree to hold harmless, indemnify, acquit and forever discharge the Defendants and all of its affiliates, parents and subsidiary corporations, including, without limitation, its representative managing partners, officers, directors, shareholders, employees, agents, assigns, successors, servants, insurers, and representatives (including attorneys), together with any and all other persons, firms and/or corporations who are or might be liable (collectively, the "Released LVNV and Resurgent Parties"), from any and all claims, liabilities, demands, suits, and causes of action of every nature and kind whether vested or contingent, accrued or unaccrued, known or unknown, in law or in equity, matured or unmatured, whether or not such claims were or could have been brought or raised in the Action or as a result of any sale, assignment, or transfer of or collection activities related to the Account, including without limiting the generality of the foregoing, those claims expressly raised in the Action or the Counterclaim, those arising out of or relating to the facts, circumstances, or occurrences surrounding the above-mentioned Action, and those arising out of, relating to or resulting from the facts, circumstances, or occurrences concerning the Account. Consumer further agrees that she will not file any claims, complaints, affidavits, arbitrations and proceedings, or any of the same individually, with any court, arbitration forum, regulatory or administrative agency with respect to the matters released in this Agreement against any of the Released Parties.

5. Release by Defendants. In consideration of the promises contained herein and the relinquishment of their legal rights regarding any claims arising out of or related to the Action or the Account, the Defendants for themselves, thei representative managing partners, officers, directors, employees, agents, assigns, successors, servants, and

representatives (including attorneys), do hereby release, acquit, and forever discharge Consumer and all of heragents, assigns, successors, servants and representatives (including attorneys), together with any and all other persons who are or might be liable (collectively, the "Released Consumer Parties"), from any and all claims, liabilities, demands, suits, and causes of action of every nature and kind, whether vested or contingent, accrued or unaccrued, known or unknown, in law or in equity, matured or unmatured, whether or not such claims were or could have been brought or raised in the Action. In addition, by operation of this Agreement, LVNV hereby represents that it will not effectuate any future transfer, assignment, sale, trading, reaging, renaming, renumbering or any other conveyance of or activity relating to the Account. It is specifically understood that this Agreement shall be applicable solely to the Account, and will not be applicable to any other accounts that LVNV may now own or acquire in the future for or regarding Consumer.

6. <u>Denial of Liability</u>. It is expressly understood and agreed to by and among the Parties that by entering into this Agreement neither of the Parties admit the truth of the allegations made by any other Party, and this is a compromise of a disputed claim, including a dispute of the accuracy of credit reporting, which should not be construed as an admission of liability on the part of any Party.

7. <u>Assigns and Successors-in-Interest</u>. This Agreement shall be binding upon and inure to the benefit of the heirs, successors, and assigns of the Parties.

8. <u>Agreement Fully Read and Understood</u>. This Agreement has been carefully read by all parties and the contents are known and understood by all parties. The recitals stated above are incorporated herein by reference. The Parties have each received independent legal advice from the attorneys of their choice with respect to the preparation, review and advisability of executing this Agreement. Prior to execution of this Agreement by each Party, the Parties' attorneys reviewed the Agreement, and the Parties acknowledge that they have executed this Agreement only after their own independent investigation and without fraud, duress, or undue influence.

9. <u>Applicable Law</u>. The existence, validity, construction and operation of this Agreement, and all of its covenants, agreements, representations, warranties, terms and conditions, shall be determined in accordance with the laws of the state of _____.

10. <u>Entire Agreement</u>. This Agreement sets forth the entire agreement between the Parties, and fully supersedes any and all prior or contemporaneous agreements or understandings between the Parties which pertain to the subject matter hereof. The terms of this Agreement may not be contradicted by evidence of any prior or contemporaneous agreement, and no extrinsic evidence whatsoever may be introduced to vary its terms in any judicial proceeding involving this Agreement or the subject matter of this Agreement.

11. <u>Amendment</u>. This Agreement may only be modified or amended in a writing signed by all the Parties.

12. <u>Severability</u>. Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms, or provisions shall not be affected thereby, and the illegal, unenforceable, or invalid part, term, or provision shall be deemed not to be a part of this Agreement.

14. <u>Counterparts</u>. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same Agreement.

15. <u>Confidentiality</u>. Consumer agrees that, from the date of the execution of this Agreement, Consumer will hereafter keep strictly confidential the nature of the Action, the claims between the Parties, the matters giving rise to this Agreement, and the substance of this Agreement ████████████████████████████████████████
Consumer agrees that she shall not represent, contend, or allege to any third party that the Defendants or any of the Released Parties have committed any wrongdoing unless required to do so by law. Consumer may, however, disclose to third parties that the Dispute has been settled to the Parties' satisfaction. In the event of a breach of this confidentiality provision by Consumer, Consumer agrees to repay to the Defendants all monies paid by the Defendants to Consumer hereunder, as well as any monies expended by the Defendants, including attorneys' fees, in its attempt to enforce this provision.

16. <u>Facsimile Signatures</u>. The Parties agree that a facsimile signature (including a PDF signature received by electronic mail) may substitute for and have the same legal effect as the original signature.

17. <u>Mutual Drafting</u>. This Agreement is the product of negotiations "at arms' length" between the Parties, both of whom are represented by counsel. As such, the terms of this Agreement are mutually agreed upon, and no part of this Agreement will be construed against the drafter.

*[Rest of page intentionally left blank; signature page follows]*

4

*[Signature page to Settlement Agreement and Release]*

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement and Release as of the dates below.

CONSUMER

*Karri Tussey* (signature)
Karri Tussey
Date: 7/28/16

LVNV Funding LLC

*Amanda Hammond* (signature)
By: Amanda Hammond
Title: Authorized Representative
Date: August 2, 2016

Resurgent Capital Services, LP

*Meghan Emmerich* (signature)
By: Meghan Emmerich
Title: Authorized Representative
Date: August 3, 2016

APPROVED AS TO FORM FOR CONSUMER

(signature)

James R. McKenzie
James R. McKenzie Attorney PLLC
115 S. Sherrin Ave. Suite 4
Louisville, KY 40207

APPROVED AS TO FORM FOR LVNV FUNDING LLC AND RESURGENT CAPITAL SERVICES LP

(signature)

Matthew P. Kostolnik
Moss & Barnett
150 South Fifth Street
Suite 1200
Minneapolis, MN 55402

Kevin R. Feazell
Cors & Bassett
537 E Pete Rose Way
Suite 400
Cincinnati, Ohio 45202

5